UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FOREST GUARDIANS,**

      Plaintiff,

  v.                                          **CIVIL NO. 03-134 DJS/RLP**

**UNITED STATES FEDERAL EMERGENCY
MANAGEMENT AGENCY,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Amended Motion for Summary Judgment filed August 21, 2003 (Docket No. 18) and Defendant's Motion for Summary Judgment filed October 29, 2003 (Docket No. 24). Plaintiff's motion was ripe for decision as of October 24, 2003 and Defendant's motion was ripe as of January 21, 2004. Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition.

      Plaintiff brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552, seeking to compel Defendant to produce electronic Geographical Information System ("GIS") files and associated data for 27 communities in New Mexico. The files and data describe properties located in flood plains and insured under Defendant's aegis. More specifically, the request seeks Defendant's "geocoded flood insurance policy data" with the names and addresses removed. That information is maintained by Defendant's National Flood Insurance Program. That program was

established in 1968 and provides government-subsidized insurance for owners of property located in flood plains. The program was designed to provide property owners with economically feasible flood insurance otherwise unavailable and to require that new construction in flood prone areas be located and built in a manner that would reduce flood hazard and loss of life and property. H.R. Rep. No. 786, 90th Cong., 2d Sess. (1967); S. Rep. No. 1123, 90th Cong., 1st Sess. (1967). Defendant produced hard copy maps with portions of the requested information, but has withheld the electronic versions of the information under a claim of protection under Exemption 6 of the Freedom of Information Act, described at 5 U.S.C. §552(b)(6).[1]

**STANDARD OF LAW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in

---

[1] Plaintiff's FOIA request also sought digital information regarding municipal roads in floodplains. Plaintiff has abandoned its challenge to Defendant's non-production of that material following Defendant's assertion in the course of briefing this case that it was withholding the information pursuant to FOIA Exemption 4, designed to protect commercial information.

opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

**DISCUSSION**

Plaintiff states that it requested the information described above in order to analyze the environmental effects of federal flood insurance under the National Flood Insurance Program. Plaintiff asserts that the great majority of flood plain ecosystems have been lost in New Mexico and that the requested information will enable them to determine the extent to which further flood plain development is encouraged or accelerated as a result of the National Flood Insurance Program. Defendant contends that the information is protected pursuant to FOIA Exemption 6, which is designed to protect personal information from unwarranted disclosure. Defendant asserts that disclosure of the electronic information would permit the identification of individual property owners, their addresses, risks to the property, and the owner's status as insurance policy holders.

The FOIA "provides the public with a right of access to federal agency records." Herrick v. Garvey, 298 F.3d 1184, 1189 (10th Cir.2002). Its "purpose is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Id. (quotations omitted). The right of access, however, is subject to nine exemptions. See §5 U.S.C. 552; Id.. Congress created the exemptions because it realized that legitimate government and private interests could be harmed by release of certain types of information. United States Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988) (quotation omitted). Further, jurisdiction under the FOIA is limited to enjoining federal agencies from withholding agency records and ordering the production of agency records improperly withheld. 5 U.S.C. §552(a)(4)(B). Generally, the "FOIA is to be broadly construed in favor of disclosure, and its exemptions are to be

narrowly construed." Herrick, 298 F.3d at 1189 (quotation omitted). Government agencies which have refused to release documents bear the burden of justifying their nondisclosure. Id.

5 U.S.C. §52(b) provides that: "This section does not apply to matters that are... (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The question before this Court is whether disclosure of the information sought by Plaintiff will constitute a "clearly unwarranted invasion of personal privacy". "The exemption [Exemption 6] was intended to cover detailed Government records on an individual which can be identified as applying to that individual." Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982) (quoting H.R.Rep. No. 1497, 89th Cong., 2nd Sess., 11 (1966). Defendant argues that disclosure of the electronic data would easily enable persons or entities obtaining the information to determine the names and addresses of individual property owners, as well as their status as holders of subsidized flood insurance. Further, Defendants aver that the securing of names and addresses would lead to the property owners receiving unsought and unwanted solicitations.

Courts recognize a substantial privacy interest in names and addresses, particularly where they would be coupled with personal financial information. Sheet Metal Workers Intn'l Ass'n, Local No. 9 v. United States Air Force, 63 F.3d 994, 997 (10th Cir. 1995). In this case, Plaintiffs requested that the names and addresses be redacted. Defendant asserts that, nevertheless, names and addresses could be determined from redacted GIS files. In evaluating whether a request for information lies within the scope of a FOIA exemption, such as Exemption 6, which bars disclosure when it would amount to an invasion of privacy that is to some degree unwarranted, a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect. Dept. of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 495 (1994) (quotes and citations omitted). The only

relevant "public interest in disclosure" to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is to contribute significantly to public understanding of the operations or activities of the government. Id.

Plaintiff contends that the requested information will show specific locations where, and when, FEMA-backed insurance has facilitated development in flood plains. This interest does not strongly invoke the core purpose of FOIA, as the express purpose of the National Flood Insurance Program is to govern the manner of new construction in flood-prone areas and to make such construction insurable through a federal subsidy. That activity by the government is clear and express. This Court is then left to balance possible further understanding of the government's activity in this area which might be provided by disclosure of the electronic data with the risk of disclosure of individual's names and addresses as property holders. This analysis is independent of Plaintiff's purpose in requesting the information or their perception of the public interest in disclosing the extent of flood plain development. See Bibles v. Oregon Natural Desert Ass'n, 519 U.S. 355, 356 (1997)(*per curiam*)("[T]he only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." (internal quotes omitted)).

The Court concludes that disclosure of such names and addresses constitutes an "unwarranted disclosure" within the meaning of Exemption 6 of the FOIA. See Sheet Metal Workers Intn'l Ass'n Local No. 9, 63 F.3d at 997-98 (Finding unwarranted invasion of personal privacy in disclosure of payroll records and apprentice lists with names intact but addresses redacted). While "[i]nvoking Exemption 6 requires 'threats to privacy interests more palpable than mere possibilities'" Fine v. United States Dept. of Energy, 823 F.Supp. 888, 901(D.N.M. 1993) (quoting Department of Air

5

Force v. Rose, 425 U.S. 352, 380 n. 19 (1976)); the disclosure of information which will essentially lead to the revelation of flood policy holder's names and addresses, coupled with their status as participants in the federally subsidized program, represents a palpable threat to those person's privacy.

In sum, the Court finds that the public interest in the material sought by Plaintiff is minimal given the explicit purpose of the National Flood Insurance Program and the material already disclosed to Plaintiff. The existence of federally subsidized flood insurance and of communities in New Mexico participating in the program is information available to the public and known. Specific information regarding the issuance of individual policies will not contribute greatly to furthering the public's understanding of that activity. Further, the risk of disclosure of names and addresses coupled with insurance policy-holder status constitutes an unwarranted invasion of personal privacy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for summary judgment is denied and Defendant's motion for summary judgment is granted. This action is hereby dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**